Filed 6/20/23  In re London B. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re LONDON B. et al., Persons Coming Under the Juvenile Court Law. | B322710 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DANIELLE L.,<br><br>Defendant and Appellant. | Los Angeles County Super. Ct. Nos. 19CCJP00938C–D |

APPEAL from orders of the Superior Court of Los Angeles County.  Stephen C. Marpet, Referee.  Appeal dismissed.

Jamie A. Moran, under appointment by the Court of Appeal, for Defendant and Appellant

No appearance by Plaintiff and Respondent.

————————————————

The Department of Children and Family Services in Los Angeles (the department) filed a petition alleging Danielle L. (Mother) physically struck seven-year-old London B. with a baseball bat and had struck her on prior occasions with a hairbrush and a belt. The petition also alleged London and her five-year-old sibling B.B. were prior dependents of the court due to sustained allegations of physical abuse of London by Mother in 2019 and domestic violence between the parents in 2016. In the most recent prior case, the juvenile court terminated jurisdiction on April 26, 2019, awarding Father sole physical and legal custody and limited monitored visitation for Mother.

The juvenile court detained the children and released them to Father. At the adjudication hearing on October 5, 2021, the juvenile court found the allegations true, sustained the petition, declared the children dependents of the court, and ordered enhanced services and monitored visitation for Mother. The children remained placed with Father under a plan of family maintenance.

Mother had regular monitored visitation with the children until June 22, 2022. She then stopped visiting because of objections to the department's chosen monitor. In a last minute report to the court for a status review hearing on August 8, 2022, London's therapist reported London had been diagnosed with PTSD, "the worst case of PTSD" the therapeutic team had ever observed and treated in a child. B.B. hysterically cried and was anxious when he believed London was being hurt or could be hurt or when Mother became angry with London or others in his presence. Mother also directed Father not to contact her with information about the children and she did not reach out to the children's providers directly for updates on their care.

On August 8, 2022, after a contested hearing on visitation and custody orders, the court terminated jurisdiction over the children with an order that Father have sole legal and physical custody and mother have monitored visitation. The court then dismissed the case. Mother filed a timely notice of appeal.

Counsel for Mother has filed a no issue brief pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835. We notified Mother that a no issue brief had been filed on her behalf and we invited her to file a supplemental letter setting forth any issues she believed should be reviewed by this court. Mother filed a letter asking us to modify the court's order. She does not specify which order she wants modified. We assume it is the final exit order determining custody and visitation and terminating jurisdiction.

This court presumes a trial court judgment is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Appellant bears the burden of establishing error. Where an appellant does not establish error, we may dismiss the appeal. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) Unlike in a criminal case, we have no duty to conduct an independent review of the record in a dependency case. (*In re Phoenix H., supra,* 47 Cal.4th at pp. 841–843.)

We review termination orders and exit orders for an abuse of discretion. (*In re M.R.* (2017) 7 Cal.App.5th 886, 902.)

In her supplemental letter brief, Mother presents a detailed account of her efforts to parent her children. She advises she has since completed parenting classes and 52 anger management classes and participated in individual therapy as ordered by the juvenile court. She gave up calling her children on the telephone because of obstacles erected to the calls by Father. She advises she wants to "to be a mother" and needs "to be actively involved

3

and included in" their lives.  She tells us she has had no access to her children "aside from one monthly visit; I can't even talk to them on the phone.  This court order really put a strain on our relationship and I am asking for a modification."

Mother has presented no arguable issue calling into question the juvenile court's exercise of discretion.  Nor does the record reflect that she has presented her issues, assuming they are new issues, to the family law court that now exercises jurisdiction over the final custody order of the juvenile court.

## DISPOSITION

We dismiss the appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

STRATTON, P. J.

We concur:

GRIMES, J.

VIRAMONTES, J.